```
                UNITED STATES DISTRICT COURT                FILED
                NORTHERN DISTRICT OF ALABAMA             00 SEP 26 AM 9:56
                    NORTHEASTERN DIVISION
                                                         U.S. DISTRICT COURT
CAMPBELL & SONS OIL COMPANY,    )                         N.D. OF ALABAMA
INC., THRASHER OIL COMPANY,     )
INC., AND TOMCO, INC.           )
                                )
     Plaintiffs,                )
                                )
vs.                             )   Civil Action No.: CV-99-S-3176-NE
                                )
MURPHY OIL USA, INC.            )
                                )                         ENTERED
     Defendant.                 )
                                )                         SEP 2 6 2000
```

### MEMORANDUM OPINION

This action is before the court on defendant's renewed motion to compel the production of documents (doc. no. 77) by Shell Oil Company ("Shell"), a non-party. In addition, Shell has before the court a motion to quash and/or motion for protective order (doc. no. 74).

### I. FACTUAL BACKGROUND

Plaintiffs, which are Alabama corporations that market motor fuel which is sold at wholesale and retail throughout Alabama, brought suit against defendant, Murphy Oil USA, Inc. ("Murphy"), alleging violation of the below cost prohibitions set forth in *Alabama Code* § 8-22-1 *et seq.*, the "Alabama Motor Fuel Marketing Act" ("AMFMA"). Plaintiffs specifically allege that Murphy, which operates gas stations in Huntsville, Alabama, sold motor fuels to



retail customers at prices lower than its cost, to the detriment of plaintiffs' businesses, and in violation of the AMFMA.

Plaintiff Tomco, Inc., ("Tomco") sells only Shell petroleum products at its various station locations located in Madison County, Alabama.[1]  Shell MasterCard credit card holders who purchase gasoline at Shell locations, with their Shell MasterCard, receive a rebate on gasoline purchases and on non-fuel purchases. The Shell MasterCard is implemented jointly by Shell Oil Company and Chase Manhattan Bank ("Chase").

On April 4, 2000, defendant served Shell with a subpoena seeking information relating to the Shell MasterCard arrangement, on the grounds that the credit card rebate program is relevant to the issues in this action relating to the "pricing of gasoline at retail by the plaintiff as well as Murphy Oil in Huntsville, and, particularly, what discounted gasoline prices are subject to Alabama's below cost fuel pricing law, and therefore, can be met by competitors' prices in compliance with such law."[2]  Defendant's subpoena to Shell sought:

> All documents relating in any way to the Shell MasterCard credit program, including all agreements relating to such

---

[1] Plaintiff Thrasher Oil Company, Inc., sells Shell petroleum products at wholesale, principally to Tomco, which in turn, sells Shell petroleum products at retail through eighteen convenience store stations in Madison County, Alabama.

[2] Defendant's renewed motion to compel documents (doc. no. 77) at 2.

2

> program and the usage and processing of any purchase made
> with such credit card, all credit card processing and
> procedure guides, memoranda or any other written
> documents or procedures regarding the usage, or
> processing of any purchases of gasoline with Shell
> MasterCard and all documents between Shell Oil Company
> and Chase Manhattan Bank in any way relating to the Shell
> MasterCard program from the inception of such program and
> the processes and procedures established for handling of
> purchases and costs incurred in connection with such
> credit card program.[3]

Defendant contends that the requested documents are relevant, and may lead to admissible evidence regarding how the Shell MasterCard program is utilized to provide discounted gasoline at plaintiff Thrasher/TOMCO stations, and how the program affects the price at which plaintiffs advertise and sell fuel at retail.

Shell's motion is predicated on the ground that the subpoena seeks documents that are protected from discovery because they relate to sensitive and confidential business information. Furthermore, Shell asserts that the information requested is irrelevant, and that the request is unduly burdensome. Shell contends that defendant's request is, in reality, an attempt to obtain Shell's confidential and proprietary information and that defendant intends to use this confidential information against Shell in the business arena and not in the instant lawsuit.[4]

---

[3] *Id.* at 1-2.

[4] Shell's motion to quash and/or motion for protective order (doc. no.74) at 3, 7.

## I. DISCUSSION

### A.   Protection for Confidential Commercial Information

There is no absolute privilege which protects a person (or other entity) from whom (or which) discovery is sought, from divulging commercial information or trade secrets. *Federal Open Market Committee v. Merill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 2043, at 300 (1970)). Even so, Rule 26(c)(7) of the Federal Rules of Civil Procedure allows a court to enter a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed, or be revealed only in a designated way."

Before a protective order will be granted, however, the party opposing discovery must show that the information sought is confidential, and, that the disclosure would be harmful. *Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering & Construction Co.*, 153 F.R.D. 686, 688 (M.D. Fla. 1994). After these showings are made, the burden shifts to the party seeking disclosure to show that the information sought is both relevant and necessary. *Id*. The defendant must show that the material sought is relevant to the subject matter of the pending lawsuit. *See Pennwalt Corp. v.*

4

*Plough, Inc.*, 85 F.R.D. 257, 259 (D. Del. 1979) (emphasis added). The extent of necessity that must be shown is "that the information must be necessary for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories." *Coca Cola Bottling Co. of Shreveport, Inc. v. The Coca Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985). Discovery may be denied if proof of relevancy or need is not established, but if relevancy and need are shown, the confidential information should be disclosed. *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985).

In the final step of analysis, the court must balance the need for the information against the injury that would ensue if disclosure is ordered. *Id.*

In support of its motion, Shell has filed the affidavit of J.D. Vandersteen, a manager of Card-Marketing for Equiva. Equiva is a limited liability company which administers the Shell MasterCard program.[5] Vandersteen's responsibilities in that capacity include the administration of Shell's MasterCard from Chase credit card program ("the Shell MasterCard agreement") which is implemented in conjunction with Chase Manhattan Bank. He

---

[5] Shell's motion to quash and/or motion for protective order (doc. no.74), Exhibit 1 (Vandersteen affidavit), at ¶ 1-2.

testified that it is the policy of Shell to keep confidential information relating to the Shell MasterCard agreement.[6]

Vandersteen also testified that Shell and Chase have invested vast amounts of time and money in setting up the credit card program, and that the program gives Shell a substantial competitive advantage in the retail gasoline marketplace.[7] Because of this, Shell has implemented a policy of keeping information pertaining to the program confidential. In fact, Shell and Chase have contracted that confidentiality pertaining to the program shall be maintained.[8] This fact reinforces Shell's assertion that the terms of the program are sensitive and contain proprietary confidential commercial information.

Vandersteen also stated that if such information pertaining to the program were made available to its competitors, they could easily adapt such materials to implement their own credit card programs, by simply appropriating the information that Shell and Chase have spent much time, money, and effort to compile.[9]

Likewise, Vandersteen testified that it is the policy of Shell to keep certain information in the Credit Card Sales Guide

---

[6] *Id.* ¶ 3.
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 9.
[9] *Id.* ¶ 11.

confidential. This guide apparently contains Shell's general credit card procedures and, hence, its disclosure to a competitor could be injurious to Shell, should the information be appropriated and used by a competitor. Vandersteen nevertheless states that Shell is willing to produce the Shell Credit Card Sales Guide, provided limited redactions are allowed by the court.

This court finds that the above showing is sufficient to demonstrate that the information is confidential, and its disclosure would be harmful to Shell. The burden now shifts to defendant to show that the information sought is relevant and necessary at this point in the litigation.

Defendant contends that the requested information is relevant[10] because it may lead to admissible evidence pertaining to how the Shell MasterCard program is utilized to provide discounted gasoline at plaintiff Thrasher/TOMCO stations, and how it affects the price at which plaintiffs advertise and sell fuel at retail. Defendant asserts that the information is also necessary to rebut plaintiffs' theories regarding the pricing of gasoline under Alabama law. Defendant argues that the information sought may be relevant to the

---

[10] Relevant evidence includes evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

7

determination of what discounted gasoline prices are subject to Alabama's below cost fuel pricing law and, hence, can be met by competitors' prices. Finally, defendant asserts that the information may be relevant to show which entity (Shell, Chase, or a different entity) assumes the financial responsibility for the Shell MasterCard discounts. This question was raised in the Preliminary Injunction Hearing on December 27, 1999.

> THE COURT: Are you going to present me with evidence of the contractual relationship between Conoco and its credit card supplier and Shell and its credit card supplier?
>
> MR. SCOTT: Yes, sir, we have already presented to you the brochure that sets forth that agreement.
>
> THE COURT: All right. Does that brochure set forth who eats the discounts?
>
> MR. SCOTT: No, sir.... [11]

Based on the above, the court concludes that some of the information sought by defendant arguably could be deemed relevant and necessary to Murphy's defense of this action.[12]

Since relevancy and need have been shown, the information sought should, to some extent, be disclosed. Here, as in most

---

[11] Transcript of Hearing on Motion for Preliminary Injunction, December 27, 1999, at 234-235.

[12] See Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965)(holding that a showing of general relevancy and need was sufficient to require nonparty witness to divulge trade secrets pertaining to price, cost, and volume of sales of gasoline).

cases, however, the key issue is <u>not</u> whether the information will be disclosed, but under what conditions. "Actually, orders forbidding any disclosure of trade secrets or confidential information are rare. More commonly, the trial court will enter a protective order restricting disclosure to counsel or to the parties." *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 364, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979). In determining the scope of the disclosures, the trial court has vast discretion.

> It will be understood that if, in the opinion of the trial judge, it is or should become necessary to reveal the secrets to others, it will rest in the judge's discretion to determine whether, to whom, and under what precautions, the revelation should be made.

*E.I. DU Pont De Nemours Powder Co. v. Masland*, 244 U.S. 100, 103, 37 S.Ct. 575, 576, 61 L.Ed. 1016 (1917).

**B.   Limited Disclosure of the Requested Information**

When considering whether to grant a protective order, Rule 26(c) of the Federal Rules of Civil Procedure allows this court to consider the issue of whether the burden imposed on Shell would be undue. Having fully considered that issue, this court concludes that the categories of information sought by Murphy are overly broad and unduly burdensome. As Shell has pointed out, it is not feasible, and likely impossible, for Shell to produce "all the documents relating in any way to the Shell MasterCard credit

9

program ...."  As Mr. Vandersteen testified, the request is so broad that it would include documents maintained throughout the country.[13]  Furthermore, Murphy's request seeks "all documents between Shell Oil Company and Chase Manhattan Bank in any way relating to the Shell Master Card program from the inception of such program ...."  This court is not convinced that "all documents" which relate "in any way" to the credit card program are wholly relevant to the instant action, <u>especially</u> in light of the fact that this burdensome request is asked of a non-party.

This court therefore finds that Murphy's sweeping discovery request from Shell is due to be greatly limited with respect to the scope of information sought, as well as the applicable time frames from which such information is requested.  The court accordingly shall grant Shell's motion for a protective order.  Murphy's request will be limited in a manner that Shell will not be unduly burdened, while still providing Murphy with relevant information.

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 26th day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE

---

[13] Shell's motion to quash and/or motion for protective order (doc. no.74), Exhibit 1 (Vandersteen affidavit), at ¶ 5.